IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:17-CR-91 and 1:17-CR-126 |
| | : | |
| v. | : | (Judge John E. Jones, III) |
| | : | |
| LYKEEM AJIBREE BETHUNE, | : | |
| Defendant | : | |

TO THE HONORABLE JOHN E. JONES, III, UNITED STATES DISTRICT JUDGE:

## DEFENDANT'S BRIEF ADDRESSING PRESENTENCE REPORT OBJECTIONS, MOTION FOR DOWNWARD DEPARTURE AND MOTION FOR DOWNWARD VARIANCE

AND NOW, this 16th day of November, 2018, comes the above-named defendant, Lykeem Ajibree Bethune, by and through his court-appointed counsel, Wendy J. F. Grella, Esquire and files this Brief addressing Presentence Report Objections, Motion for Downward Departure and Motion for Downward Variance and in support thereof respectfully avers the following:

## PROCEDURAL HISTORY

At docket 1:17-CR-91, on March 29, 2017, a two-count Indictment was filed charging Mr. Bethune with sale of a firearm to a prohibited person on or about November 3, 2016, in violation of 18 U.S.C. §922(d) (Count 1) and felon in possession of a firearm on or about November 3, 2016 in violation of 18 U.S.C. §922(g)(1) (Count 2). It should be noted Mr. Bethune only was name in Count 1.

At docket 1:17-CR-126, on April 19, 2017, a one-count Indictment was filed charging Mr. Bethune with possession of a firearm by a user of a controlled substance alleged to have occurred on or about January 31, 2016, in violation of 18 U.S.C. §922(g)(3).

It should be noted that Mr. Bethune was previously represented by Erin Zimmerer, Esquire however, on or about May 11, 2018, undersigned counsel was appointed to represent Mr. Bethune with regard to the above-referenced matter.

On July 26, 2018, Mr. Bethune pled guilty to Count 1 of each of the Indictments pursuant to a written plea agreement whereby the Government will recommend a three-level reduction for acceptance of responsibility, if warranted. Mr. Bethune also waived his right to appeal any conviction and sentence on any grounds set forth in 18 U.S.C. §3742, or any other grounds.

Mr. Bethune's Sentencing Hearing is currently scheduled to be held January 14, 2019 at 10:30 a.m. before Your Honorable Court.

### ISSUES TO BE DETERMINED BY YOUR HONORABLE COURT:

**WHETHER IT WOULD BE ERROR FOR YOUR HONORABLE COURT TO APPLY A 4-LEVEL ENHANCEMENT FOR USE OF A FIREARM IN CONNECTION WITH ANOTHER FELONY OFFENSE IN THIS CASE.**

Counsel previously objected to Paragraph 22 of the Presentence Report which assessed a 4-level enhancement for use of a firearm in connection with another felony offense (U.S.S.G. §2K2.1(b)(6)(B). However, since the Presentencing Conference she received an email from Assistant United States Attorney Meredith Taylor and reviewed the three (3) cases she referenced (United States v. Harris filed May 9, 2014, United States v. Korus filed February 26, 2018, as well as, United States v. Foster, filed May 30, 2018) and is now withdrawing said objection.

## II. WHETHER A VARIANCE AND/OR DOWNWARD DEPARTURE IS WARRANTED IN THIS CASE?

**(Suggested Answer in the Affirmative).**

## ARGUMENT

## A VARIANCE AND/OR DOWNWARD DEPARTURE IS WARRANTED IN THIS CASE

Mr. Bethune and undersigned counsel do not feel a lengthy term of incarceration is necessary for Mr. Bethune to make the necessary reforms to become a productive member of society. This belief is based on the application of factors set forth in 18 U.S.C. § 3553. Thus, for the reasons set forth below, Mr. Bethune and counsel submit that Your Honorable Court should depart below the guidelines in sentencing in this matter.

Mr. Bethune filed numerous clarifications/objections to the original presentence report, the majority of which were resolved by amending the report. However, Mr. Bethune still wishes to address several remaining objections which deal with requesting a Variance and/or Downward Departure.

As This Honorable Court is aware, the United States Sentencing Guidelines are merely "advisory," and sentencing courts are required to consider all of the factors in 18 U.S.C. § 3553(a) in imposing sentence. *United States v. Booker*, 125 S.Ct. 738, 757(2005). *Booker* clarifies that the guidelines are one of a number of factors a court must consider in imposing sentence. *Id.* at 764. This Court has discretion to sentence Mr. Bethune below the guideline range as long as the sentence is "reasonable" in light of the factors set forth in 18 U.S.C. § 3553(a). *See generally Booker*, 125 S.Ct. At 765-67.

The primary directive of § 3553(a) is that the Court must impose a sentence that is "sufficient, *but not greater than necessary*, to comply with" the purposes of sentencing. *See* U.S.C. § 3553(a) (emphasis added).[1]

Section 3553(a) directs sentencing courts to consider a number of additional factors as well, including:

- the nature and circumstances of the offense, § 3553(a)(1);
- the history and characteristics of the defendant, § 3553(a)(1);
- the kinds of sentences available, § 3553(a)(3);
- the sentencing guideline range, § 3553(a)(4);
- pertinent Sentencing Commission sentencing disparities, §3553(a)(5); and
- the need to avoid unwarranted sentencing disparities, § 3553(a)(6).

Post-*Booker*, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." *Booker*, 125 S.Ct. at 760. Given: (1) Mr. Bethune's acceptance of responsibility for his actions and the unique circumstance of this case, (2) his prior history of drug addiction, (3) his history and characteristics, (4) his post-offense rehabilitation, and the fact the Court must impose a sentence that is "sufficient, *but not greater than necessary*, to comply with" the purposes of sentencing, s*ee* U.S.C. § 3553(a), counsel submits a variance below the guideline range is warranted.

Even, pre-*Booker*, there were cases that referred to departures but highlighted the need for courts to be flexible: *See United States v. Cook*, 938 F.2d 149, 152 (9th Cir.

---

[1] 18 U.S.C. § 3553(a)(2) provides that the Court should consider the need for the sentence imposed, "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

1991) (noting "[t]he guidelines are not a straightjacket for district judges. They do give discretion to depart"); *United States v. Gaskill*, 991 F.2d 82, 86 (3d Cir. 1993) (noting "[i]t is important, too, to realize that departures are an important part of the sentencing process because they offer the opportunity to ameliorate, at least in some aspects, the rigidity of the Guidelines themselves. District Judges, therefore, need not shrink from utilizing departures when the opportunity presents itself and when circumstances require such action to bring about a fair and reasonable sentence"); *United States v. Lacy*, 99 F.Supp.2d 108, 119 (D. Mass. 2000) (granting a downward departure from the guidelines, in part, because the defendant's prior record that was largely non-violent, and relatively minor, the kind that characterizes an out-of-control addict).

### **(1) Mr. Bethune's acceptance of responsibility for his actions.**

Initially and perhaps most importantly it should be noted Mr. Bethune readily admitted his guilt with regard to these offenses and accepted full responsibility for his actions. Mr. Bethune pled guilty pursuant to a written plea agreement and even waived his right to appeal any conviction and sentence on any grounds set forth in 18 U.S.C. § 3742.

As noted in the Presentence Report Mr. Bethune has been continuously incarcerated since November 15, 2016 (which will be approximately 26 months at the time of sentencing) and this is the **FIRST** time he has ever been incarcerated.

Further, as noted in Mr. Bethune's acceptance of responsibility letter, he admits his involvement in the instant offense but notes that he agreed to sell Leroy "Lil Lee" Johnson a firearm because "Lil Lee" Johnson was somebody he looked up to and was a role model to Mr. Bethune. Unfortunately, Mr. Bethune did not have a father figure in

his life as his father has been incarcerated since he was born. Mr. Bethune's letter indicates Mr. Johnson was "like a role model to me, and the kids growing up in the projects. And someone that everybody (myself included) looked up to. When he asked me for something or to do something I did it. On the date of November 2nd, 2016 he called me asking for a gun. And I told him I didn't have one, but I could possibly get one for him. At the time I did not know he was working as a confidential informant or for the York County Drug Task Force and the A.T.F. or the F.B.I. after talking to Mr. Leroy Johnson I called some of my friends to see if they could help me find a gun. Once I found one we agreed to meet so he could buy it."

Interestingly in researching Mr. Bethune's case, counsel came across the Commentary to §2K2.1 labeled, "Certain Convictions Under 18 U.S.C. §§922(a)(6), 922(d), and 924(a)(1)(A)" which states, "In a case in which the defendant is convicted under 18 U.S.C. §§922(a)(6), 922(d) or 924(a)(1)(A), a **downward departure** may be warranted if (A) none of the enhancements in subsection (b) apply; **(B) the defendant was motived by an intimate or familial relationship or by threats or fear to commit the offense and was otherwise unlikely to commit such an offense**, and (C) the defendant received no monetary compensation from the offense."

Obviously, the withdrawal of the objection to the 4-level enhancement may prevent Your Honor from considering the above request for a downward departure however, counsel submits, arguing in the alternative, that said facts still provide a basis for the Court to consider a **downward variance** if a downward departure is impermissible. Thus, counsel and Mr. Bethune believe, given the unique circumstances of this case, Mr. Bethune's actions which occurred based on his intimate and almost

familial relationship with Mr. Johnson provide a basis for either a downward departure or downward variance from the sentencing guidelines due to his acceptance of responsibility.

### (2) Mr. Bethune's prior history of drug addiction

Given Mr. Bethune's drug and alcohol issues (listed in paragraph 48 of the Presentence Report), we submit there are several factors which require a downward variance in this case. It is clear Mr. Bethune has struggled in the past with maintaining a drug-free lifestyle. Mr. Bethune informed the probation officer he was using marijuana daily since age 11 with the exception of when he was in placement or incarcerated. He used marijuana multiple times per day which persisted until his arrest. He started using Percocet in 2015 and used the drug multiple times per day until his arrest. Mr. Bethune admitted he also consumed alcohol occasionally. Interestingly, Mr. Bethune participated in substance abuse treatment only while in juvenile placement. In order to successfully rehabilitate Mr. Bethune, and due to his extensive drug and alcohol issues, Mr. Bethune and counsel are requesting he be made eligible for the 500-hour Random Drug and Alcohol Program (RDAP) program (although he understands the current firearm offenses may prohibit his admission into said program).

### (3) Mr. Bethune's history and characteristics

Mr. Bethune is 22 years old and his father is currently incarcerated at SCI Phoenix, Collegeville, Pennsylvania. Mr. Bethune's father has been incarcerated since 1998 for murder so Mr. Bethune grew up without his biological father being involved in his life and he has no relationship with his father. Mr. Bethune was raised by his mother

in a low-income family and his mother struggled financially to support the family.  Mr. Bethune's maternal grandmother, Yvonne Robinson assisted in raising him.

Mr. Bethune is the father to two (2) young children ages 5 and 2.  Unfortunately, he has been in placement or incarcerated for most of their lives.

### (4) Mr. Bethune's Post-Offense Rehabilitation

Although currently incarcerated and facing a significant period of federal incarceration, Mr. Bethune is working hard to turn his life around.  Mr. Bethune enrolled in and successfully completing his high school education classes and received his Diploma while incarcerated at York County Prison.  (See Diploma attached hereto as an Exhibit.)

Additionally, he enrolled in and successfully completed an 8 week course titled, "Parenting Issues" which consisted of independent 1 hour class modules and the opportunity to develop skills in various areas of parenting such as parent-child communication, dealing with anger in children, handling sibling rivalry, stress management/coping skills, etc., and is designed to help parents enhance their parenting skills by using democratic methods, thereby creating a family environment in which their children can grow.

Mr. Bethune also successfully completed, "Parenting Solutions."  Mr. Bethune hopes to be reunited with his children in the near future and develop a close relationship with them which, unfortunately, he did not have while growing up.

Given the above, counsel and Mr. Bethune submit these are all relevant factors for Your Honorable Court to consider in determining whether his sentences should (a) run concurrently (as both offenses occurred within a relatively short period of time February,

2016 and November, 2016) and (b) whether a downward variance or departure is appropriate in these cases.

Finally, counsel would note, if you compare his current federal sentencing guidelines (70-87 months) to his state sentencing guidelines for the same conduct (21-27, 27-33, 60-120, 42-84, 12-24) and the previous plea offer made by the Commonwealth, 30-60 months SCI with a concurrent 21-42 month sentence and 5-10 years incarceration (which counsel believes would have been a concurrent plea offer), Mr. Bethune requests a downward variance due to the disparity of the guidelines. (See guidelines attached hereto).

## CONCLUSION

In Summary, Counsel and Mr. Bethune respectfully request Your Honorable Court grant him a downward departure(s) and/or variance(s) to reduce the current guideline imprisonment range as a variance and/or Downward Departure is warranted in this case.

Respectfully Submitted,

s/Wendy J. F. Grella, Esquire_____
Wendy J. F. Grella, Esquire
Attorney for Defendant Bethune
Sup. Ct. I.D. #85164
1119 North Front Street
Suite 1
Harrisburg, PA   17102
(717) 576-0549

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 16th day of November, 2018 I caused the foregoing document to be filed via ECF and that Assistant United States Attorney Meredith Taylor is a filing user under the ECF system. Upon the electronic filing of a pleading or other document, the ECF system will automatically generate and send a Notice of Electronic Filing to all filing users associated with this case. Electronic service by the Court of the Notice of Electronic Filing constitutes service of the filed document, and no additional service upon the filing user is required.

Date: November 16, 2018                    s/Wendy J. F. Grella_____
                                                         Wendy J. F. Grella, Esquire
                                                         ID- PA85164
                                                         1119 North Front Street
                                                         Suite 1
                                                         Harrisburg, PA   17102
                                                         (717) 576-0549